UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MOHAMMED,<br>　　　　Petitioner,<br>　　v.<br>TERESER A. BANKS,<br>　　　　Respondent. | NO. CV 10-8499-VAP (AGR)<br><br>ORDER TO SHOW CAUSE |

　　　　On November 8, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons discussed below, it appears that the Court does not have jurisdiction to entertain the petition.

　　　　The Court, therefore, orders Petitioner to show cause, on or before ***December 22, 2010***, why this Court should not recommend dismissal without prejudice based on lack of jurisdiction.

///

///

///

# I.
# BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution II in Adelanto, California. On February 23, 2004, after Petitioner pled guilty to one count of bank robbery in the United States District Court, District of New Mexico, judgment of conviction was entered. *See United States of America v. Mohammed*, Case No. 03-CR-569-JB (D.N.M. 2004), Dkt. No. 347 at 1 ("*Mohammed District Court*"); (*see also* Petition at 2.) Petitioner was sentenced to 188 months in prison. (Petition at 2.)

Petitioner appealed "his characterization as a career offender based on two prior convictions, which he contends the district court should have counted as one prior conviction." *United States v. Mohammed*, 150 Fed. Appx. 887, 888 (10th Cir. 2005). The Tenth Circuit affirmed the conviction. *Id.*

On March 8, 2007, Petition submitted a motion under 28 U.S.C. § 2255 in the sentencing court, which was filed on March 12, 2007, (Petition at 8)[1]; *see also Mohammed District Court*, Dkt. No. 270. The motion was denied as time-barred. (Petition at 8); *see also Mohammed District Court*, Dkt. Nos. 347, 350.

On November 8, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in which he claims that his sentence was improperly "enhanced to that of a Career Criminal." (Petition at 3.)

# II.
# DISCUSSION

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before

---

[1] Petitioner used the first five pages of the form petition, after which he attached additional pages. For ease of reference, the Court has paginated the additional pages starting at 6.

2

proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. Petitioner's apparent characterization of the petition as a challenge to the manner in which his sentence is being executed is wrong. (Petition at 6); *see Hernandez*, 204 F.3d at 864 ("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241"). The sole ground in the petition relates to the alleged legal defects in the sentence itself, not the manner in which the sentence has been carried out. Petitioner concedes as much in other parts of the petition. (Petition at 3 ("the U.S. Sentencing Guidelines is ambiguous and led to an improper enhancement"), 11 ("Petitioner was wrongfully enhanced based upon the misapplication of USSG §§ 4A1.1 and 4A1.2").)

However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to this section,
> shall not be entertained if it appears that the applicant has failed to

apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this Court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255*; see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at 864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The savings clause is available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000); *see also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and internal quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim

4

did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir.) (citation and quotation marks omitted), *cert. denied*, 129 S. Ct. 254 (2008).

Petitioner has failed to satisfy both requirements of the savings clause. Petitioner does not allege he was factually innocent of the crime of which he was convicted. Instead, he alleges he "is actually innocent of the Career Criminal enhancement." (Petition at 11.) Petitioner cites to *Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002) for the proposition that "the actual innocence exception applies to non-capital sentencing procedures regarding a . . . career criminal." (Petition at 11, citing *Haley*, 306 F.3d at 264).) However, *Haley* involved a state habeas petition and a procedural bar and is therefore not applicable here.[2] Similarly, *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), another case cited by Petitioner, although involving a § 2255 motion, addressed the issue of actual innocence in the context of a procedural default, not in the context of the savings clause. Moreover, in *Maybeck*, the challenge to the career criminal enhancement was predicated on a claim of actual innocence of one of the two prior convictions on which the career offender enhancement was based. *See United States v. Pettiford*, 612 F.3d 270, 283-84 (4th Cir.) ("It was uncontested that the defendant . . . had not committed one of the underlying predicate convictions."), *cert. denied*, 2010 WL 4155808. By contrast, here, Petitioner does not allege he was actually innocent of either of the two prior convictions.[3] Instead, he alleges that the guidelines are ambiguous, and the prior sentences should have been "treated as one sentence." (Petition at 9.)

---

[2] *Haley* was also vacated by the United States Supreme Court. *See Dretke v. Haley*, 541 U.S. 386, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004).

[3] Petitioner pled guilty to the charges in both cases of which he was convicted. (Petition at 8.)

5

Petitioner also had an unobstructed procedural shot at presenting his claim. The legal basis for the claim clearly arose before he had exhausted his direct appeal and filed his § 2255 motion as he presented the same claim on appeal. *See Mohammed*, 150 Fed. Appx. at 888 (the district court should have counted the two prior convictions as one). Nor has Petitioner identified any subsequent change in the law relevant to his petition. *See Harrison*, 519 F.3d at 960.

Thus, based on the petition and the record, Petitioner does not meet the requirements of the savings clause.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **December 22, 2010**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice based on lack of jurisdiction.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Court will recommend dismissal of the petition, without prejudice, based on lack of jurisdiction.***

DATED: November 19, 2010

ALICIA G. ROSENBERG
United States Magistrate Judge

6